PAULA AIELLO, Plaintiff, *v.* QUEENS COUNTY JOCKEY CLUB, Defendant.

Supreme Court, Special Term, New York County, July 25, 1955.

*Wingate & Cullen* for defendant.

*Lee Bosco, Jr.,* for plaintiff.

STEVENS, J. The motion to dismiss the complaint under subdivision 4 of rule 106 of the Rules of Civil Practice is granted.

Plaintiff alleges that on June 27, 1955, while a patron at the Aqueduct race track she placed wagers in the sum of $425 and lost the same. She now claims that under section 994 of the

Penal Law she has a right of recovery. The plaintiff does not identify or describe with the necessary particularity the person with whom she placed the bet, so in that sense the complaint lacks definiteness. Even if that were done we are of the opinion that it would not change the result.

Section 994 of the Penal Law, so far as pertinent, reads as follows: " Any person who shall pay, deliver or deposit any money, property or thing in action, *upon the event of any wager or bet prohibited,* may sue for and recover the same " (italics ours). Pari-mutuel betting upon legalized horse racing is not prohibited, nor is horse racing itself prohibited when conducted in accordance with the provisions of chapter 254 of the Laws of 1940, and amendments thereto. Clearly, the " event " is not prohibited but sanctioned by specific legislation for the expressed purpose of aiding the State to derive from sums bet on the " event " " reasonable revenue for the support of government and to promote agriculture generally and the improvement of breeding of horses particularly in the state." (L. 1940, ch. 254, § 2.)

The defendant here, presumably the owner of the race track, merely held a license to conduct a race course or race meeting with pari-mutuel betting permitted for such period and upon such conditions, within the provisions of the law, as might be prescribed by the State Racing Commission. Moreover, it was mandatory that the defendant distributed all sums in the pari-mutuel pools, less a percentage plus the breaks as determined by law, to the winners thereof (L. 1940, ch. 254, § 9). The defendant then was a trustee or temporary repository of funds as a licensee, the participants being the bettors on the event, with the defendant having the statutory obligation to distribute all sums in the pari-mutuel pools, as indicated. The transaction was between the plaintiff and other participants in the pool, not the defendant or the Racing Commission (see *Holberg* v. *Westchester Racing Assn.,* 184 Misc. 581).

Legal race track pari-mutuel betting is exempt from the provisions of section 987 of the Penal Law, and the participants are not guilty of a misdemeanor as they would be if such exemption did not exist. It can hardly be held that the sovereign power would enact a law to derive revenue for the support of government, a legitimate objective, exempt the event and participants from its penal laws (§§ 987, 991) and permit the entertaining of suits against a licensee which would be destructive of the basic law.

At common law persons gambling together were considered *in pari delicto* and the law left them to their own remedies. The right of recovery is purely statutory and should be restricted to the extent and area clearly defined by law.